■ In the Matter of TERRY X., a Person Alleged to be a Juvenile Delinquent. STEPHEN EASTER, as St. Lawrence County Attorney, Respondent; TERRY X., Appellant.—Weiss, J. Appeal from an order of the Family Court of St. Lawrence County (Livingston, J.), entered January 10, 1985, which granted petitioner's application, in a proceeding pursuant to Family

Court Act article 3, to adjudicate respondent a juvenile delinquent.

Respondent, 10 years old, was charged as being a juvenile delinquent for conduct tantamount to burglary in the third degree if committed by an adult, stemming from an incident on July 17, 1984 when he and two companions purportedly entered a building owned by Donald La Page. By stipulation, the charge was reduced to criminal trespass in the third degree. After a fact-finding hearing, the criminal trespass charge was sustained. Following the dispositional hearing, Family Court placed respondent on probation for one year.

On this appeal, respondent urges that the evidence failed to establish his involvement in the subject incident, primarily because petitioner's main witness, Homer Stranger, a local Town Justice, was unable to identify him at the fact-finding hearing. We disagree. A determination of juvenile delinquency must be established by proof beyond a reasonable doubt (Family Ct Act § 342.2 [2]). Stranger testified that he observed three boys on the second floor of the La Page building, near a window. He watched them proceed onto an adjoining porch roof and jump to the ground. Minutes later, he saw the same three boys at the Grange Hall, next to the La Page property, where one boy again climbed on a porch roof. At this point, Stranger confronted the boys, who identified themselves. When asked to identify the boys in court, however, Stranger was able to identify only one of defendant's companions. This same companion admitted being on the La Page porch roof, together with his brother and defendant. He denied that anyone actually entered the building. Based on the foregoing, there was ample proof to sustain the delinquency finding. The companion confirmed respondent's presence, Stranger actually observed the three boys inside the building, and an affidavit from La Page denied authorization (see, Penal Law § 140.00). Any conflict in testimony as to whether defendant entered the building is properly left for resolution by the court which heard the witnesses and observed their demeanor firsthand.

We further find no impropriety in the disposition made. While respondent maintains that probation was not the "least restrictive available alternative" (Family Ct Act § 352.2 [2] [a]), this is not his first juvenile transgression, and it is all too evident from a review of the record and probation report, which indicate both poor school attendance and a lack of appropriate parental supervision, that the placement was proper.

Order affirmed, without costs. Kane, J. P., Casey, Weiss, Mikoll and Levine, JJ., concur.